**Alphonsus McNEIL, Petitioner,**

v.

**E. L. PADERICK, Superintendent Respondent.**

**Civ. A. No. 74–C–2–H.**

United States District Court, W. D. Virginia, Harrisonburg Division.

May 28, 1974.

Phillip C. Stone, Wharton, Aldhizer & Weaver, Harrisonburg, Va., for petitioner.

William A. Carter, III, Asst. Atty. Gen., Richmond, Va., for respondent.

## OPINION and JUDGMENT

DALTON, District Judge.

This case comes before the court upon a petition for a writ of habeas corpus filed *in forma pauperis* by Alphonsus McNeil under the provisions of 28 U.S. C. §§ 2241, 2254. Petitioner is now being detained pursuant to a judgment of the Circuit Court of the City of Alexandria (formerly Corporation Court) of March 18, 1971, wherein he was convicted of attempted robbery and sentenced to a term of ten years in the Virginia State Penitentiary (two years of that term were suspended upon good behavior).

As McNeil's initial petition to this count did not present any factual allegations cognizable in a habeas corpus proceeding and was more in the nature of a treatise on constitutional law than a petition for a writ of habeas corpus, this court appointed petitioner competent counsel to ascertain the basis of his petition. After consulting with petitioner, his appointed counsel has ascertained that his contentions are the following: he was accorded ineffective court-appointed counsel in the state court; he was not allowed to retain counsel of his own choosing at his preliminary hearing; he was not allowed to waive his preliminary hearing; the warrants against him were insufficient; he was denied the right to a speedy trial; the length of his sentence represents cruel and unusual punishment; and as a matter of due process, he should not have been convicted in light of his history of alcoholism and other problems.

Only the last mentioned of petitioner's contentions in the above list will be considered by this court, as none of the others have yet been presented in any form to the Supreme Court of Virginia. Such exhaustion of available state remedies is required pursuant to 28 U.S.C. § 2254. Petitioner has not filed a petition for a writ of habeas corpus with the Supreme Court of Virginia, but his trial counsel did file a petition for a writ of error with that court on July 19, 1971, (it was denied on November 17, 1971) presenting the following arguments:

1. That the trial court's findings arbitrarily ignored uncontradicted and stipulated medical evidence that the petitioner was an alcoholic.

2. That petitioner's drunkenness during the course of his attempted robbery was the product of his alcoholism.

3. That alcoholism is a defense to a crime requiring specific intent, and that petitioner was not capable of forming or entertaining the requisite specific intent necessary to sustain a conviction for attempted robbery.

The court will consider petitioner's contention that his alcoholism is a defense to the crime of attempted robbery to the extent that that argument was presented to the Supreme Court of Virginia. It is understood that petitioner does not deny that he attempted the robbery, but rather contends that his actions are excusable because he was acting under the influence of alcohol.

Upon the motion of his trial counsel, petitioner was committed to Southwestern State Hospital, Marion, Virginia, on February 25, 1970, for observation of his alcoholic and mental status and for an evaluation of his competency to stand trial. By a report dated April 28, 1970, the superintendent and clinical director of that hospital notified the trial court of the results of the observation: there was no indication of any psychosis, though in the opinion of the clinical director petitioner had probably suffered delirium tremens at times in the past. The official diagnoses were of "alcoholism, alcohol addiction" and "social maladjustments without manifest psychiatric disorder, dissocial behavior." He was deemed mentally competent to stand trial and to testify in his own defense. It was this report, which was stipulated into evidence at petitioner's trial, which his counsel used as the basis for making a commendable, but fruitless, effort to convince the trial judge that petitioner lacked the requisite specific intent to be convicted of attempted robbery. Unfortunately for petitioner, however, Virginia adheres to the minority rule that:

Voluntary drunkenness, where it has not produced permanent insanity, is never an excuse for crime; except, where a party is charged with murder, if it appears that the accused was too drunk to be capable of deliberating and premeditating, then he can be convicted only of murder in the second degree. Gills v. Commonwealth, 141 Va. 445, 450, 126 S.E. 51, 53 (1925).

This passage from *Gills* was most recently cited with approval by the Supreme Court of Virginia in Chittum v. Commonwealth, 211 Va. 12, 174 S.E.2d 779 (1970), in which the defendant was convicted of attempted rape, even though he was allegedly intoxicated. See the case of Brenan v. Commonwealth, 183 Va. 846, 33 S.E.2d 639 (1945), involving a prosecution for robbery, in which the Supreme Court upheld the trial court's rejection for lack of substantiating evidence an instruction to the effect that if the defendant was too drunk to entertain a specific intent to rob he could not be found guilty. The court stated that "[e]ven if there had been evidence of drunkenness, under the decisions of this court, it would have been no excuse for the crime."

This court must likewise conclude after reviewing the trial transcript that there is ample evidence to support the trial judge's conclusion that petitioner's alcoholism had not led him to such a mental state—i.e., permanent insanity—

as would be a defense to a crime requiring specific intent under Virginia law. Petitioner testified that he had imbibed about two pints of wine and seven thyroxine pills (a depressant which he had been prescribed to take in a quantity of one pill every four hours) within a few hours of the time when he attempted the robbery. On the basis of his testimony, petitioner's past conduct, a history of a head injury some years previously, and the official diagnosis of "alcohol addiction," petitioner's trial counsel argued that petitioner was "involuntarily drunk" and therefore could not be held accountable for his actions. The trial judge, however, found as a matter of fact that petitioner's drunkenness was voluntary—he had imbibed the wine while playing pinochle with friends, and was able to testify very lucidly, albeit selectively, as the trial judge commented, about most of the events that transpired before and during the attempted robbery. Considering these circumstances, petitioner's condition clearly fell short of the "permanent insanity" test under Virginia law, as the trial judge so found.

 Even though the Virginia standard for such a defense is seemingly harsh, it is not at variance with pronouncements of the United States Supreme Court. In Powell v. Texas, 392 U.S. 514, 88 S.Ct. 2145, 20 L.Ed.2d 1254 (1968), reh. denied, 393 U.S. 898, 89 S. Ct. 65, 21 L.Ed.2d 185 (1968), the majority of the Court refused to accept the defense of chronic alcoholism to a charge of public drunkenness. The court declined to formulate such a defense in constitutional terms, preferring to leave it to the experience and experimentation of the states. Justice Marshall, writing for the majority, stated:

> The doctrines of actus reus, mens rea, insanity, mistake, justification, and duress have historically provided the tools for a constantly shifting adjustment of the tension between the evolving aims of the criminal law and changing religious, moral, philosophical, and medical views of the nature of man. This process of adjustment has always been thought to be the province of the States.
>
> Nothing could be less fruitful than for this Court to be impelled into defining some sort of insanity test in constitutional terms. 392 U.S. at 536.

And, as Justice Black, in his concurrence in Powell v. Texas, states at 392 U.S. 540:

> Almost all of the traditional purposes of the criminal law can be significantly served by punishing the person who in fact committed the proscribed act, without regard to whether his action was "compelled" by some elusive "irresponsible" aspect of his personality.

For the above reasons, it is adjudged and ordered that the petition for a writ of habeas corpus be, and the same is hereby denied and ordered dismissed.